FILED
January 10, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____BC_____
            DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHN PANIAGUA** and **JUAN GABRIEL YBARRA**,<br><br>*Plaintiffs,*<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>*Defendant.* | Case No. 5:18-cv-761-RCL |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Paniagua and Juan Gabriel Ybarra sued the United States of America under the Federal Torts Claims Act ("FTCA") for injuries sustained in a car accident with U.S. Postal Service ("USPS") employee Barbara Jean Rush. *See* Compl., ECF No. 1. After a bench trial, this Court made findings of fact and conclusions of law. *See generally* Findings of Fact & Conclusions of Law, ECF No. 58. The Court found the United States partially liable for the collision and entered judgment against it for plaintiffs' damages and costs. *See* Findings of Fact ¶¶ 108–09; Judgment, ECF No. 59.

The United States now moves the Court to amend its judgment and reduce the award granted to plaintiffs. Mot. to Amend or Alter J., ECF No. 60. It argues that the Court (1) committed a clerical error when calculating Mr. Ybarra's damages, (2) misapplied the Texas statutes capping liability based on proportionate responsibility, and (3) should have limited plaintiffs' recovery of costs based on the United States' proportionate responsibility. *See id.* at 1. For the reasons below, the Court **GRANTS** the United States' motion to correct the Court's clerical error but **DENIES** the United States' motion with respect to the liability cap and plaintiffs' costs.

1

## I. BACKGROUND

The Court has exhaustively detailed the history of this case in its Findings of Fact, so it will summarize briefly here. This case involves a car accident on West Byrd Boulevard in Universal City, Bexar County. Findings of Fact ¶ 8. As Ms. Rush pulled her USPS vehicle forward from a private driveway, she collided with plaintiffs' vehicle. *Id.* ¶¶ 32–33. Plaintiffs were traveling over the speed limit at the time of the collision. *Id.* ¶¶ 9, 45. Mr. Paniagua drove the car with Mr. Ybarra as his passenger. *Id.* ¶ 22. The Court concluded that both Ms. Rush and Mr. Paniagua acted negligently when operating their vehicles. Conclusions of Law ¶¶ 47–49. Accordingly, the Court apportioned 80% fault to the United States, 20% fault to Mr. Paniagua, and 0% fault to Mr. Ybarra. Findings of Fact ¶¶ 108–10.

Next came damages. The Court found that both plaintiffs suffered herniated discs and other injuries as a result of the accident. *Id.* ¶¶ 62, 83. The Court held that Mr. Paniagua had proven $335,577.60 in total damages: $30,577.60 for past medical expenses, $105,000.00 for future medical expenses, and $200,000.00 for pain and suffering. Conclusions of Law ¶¶ 77, 84–85, 100. Similarly, the Court held that Mr. Ybarra had proven $204,563.91 in total damages: $28,288.91 for past medical expenses, $25,000.00 for future medical expenses, $1,275.00 for lost earnings, and $150,000.00 for pain and suffering. Conclusions of Law ¶¶ 81, 87–88, 103.

Based on Texas law on proportionate responsibility, *see* Tex. Civ. Prac. & Rem. Code §§ 33.001 *et seq.*, the Court adjusted these damage awards. First, the Court reduced Mr. Paniagua's award by 20%—to $268,462.08—to account for his 20% fault in the accident. *Id.* ¶ 106–08. Second, the Court held that the United States' total liability "may not exceed 80% of

2

the total damages of the collision," which it stated as $602,992.83.[1] Conclusions of Law ¶¶ 71, 115. Finally, the Court held that Mr. Ybarra was entitled to an award of $214,430.64 because he bore no fault in the collision. *Id.* ¶¶ 114, 119.

## II. LEGAL STANDARD

### A. Clerical Errors

A court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record . . . . on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The mistake must be one "merely of recitation" that is "mechanical in nature." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (quoting *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984) (per curiam)). Thus, "clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation[s]" fall within Rule 60(a)'s scope. *Id.*; *see United States ex rel. Miss. Rd. Supply Co. v. H.R. Morgan, Inc.*, 542 F.2d 262, 269 (5th Cir. 1976) (permitting a district court to amend a judgment to correct a jury's mathematical error).

### B. Amending Judgment

Under Rule 59(e), a party may move to amend or alter a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion aims to "allow[] a party to correct manifest errors of law or fact [in the judgment] or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Parties may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

---

[1] The Court's use of this $602,992.83 figure reflects a clerical error. And, as discussed *infra*, the Court has reconsidered its holding on the United States' liability. Texas law requires that the United States face liability for plaintiffs' total damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.013(b).

3

judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. § 2810.1 (2d ed. 1995)). Thus, the Fifth Circuit permits amendment of a judgment to: (1) correct a manifest error of law or fact, (2) account for newly discovered evidence, or (3) accommodate an intervening change in controlling law. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### III. DISCUSSION

The United States timely moved this Court under Rules 52(b), 59(e), and 60(a) to: (1) correct a clerical error and reduce Mr. Ybarra's recovery from $214,430.64 to $204,563.91, (2) limit the United States' liability to 80% of plaintiffs' total damages award, and (3) limit plaintiffs' recovery of costs to 80% to reflect the United States' proportionate responsibility. *See* Mot. to Amend or Alter J. 1. Because the FTCA authorizes lawsuits against the United States under "the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), Texas law supplies the substantive tort law governing this case. *See Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009). The Court will correct its statement of Mr. Ybarra's recovery as a clerical error modifiable under Rule 60(a). But under applicable Texas law, the Court cannot limit the United States' liability because the United States bore more than 50% responsibility for plaintiffs' harm. Finally, the United States roots its argument on costs in Texas law—but federal law, not state law, governs matters of costs and permits full recovery.

#### A. Clerical Error

First, the Court will correct an apparent clerical error regarding Mr. Ybarra's damages. The Court previously held that Mr. Ybarra had proven a total of $204,563.91 in damages. *See* Conclusions of Law ¶¶ 81, 87–88, 103. But in its Conclusions of Law and its Judgment, the Court listed this sum as $214,430.64. *See* Conclusions of Law ¶¶ 114, 119; Judgment 1. This

discrepancy is a clerical error that the Court may correct under Rule 60(a). *See* Fed. R. Civ. P. 60(a). The Court will do so. Mr. Ybarra is entitled to an award only of $204,563.91.

### B. Liability Cap

After reconsidering its prior conclusions of law, the Court holds that the United States shall be liable for the full amount of damages to which plaintiffs are entitled. This Court previously held that the United States' total liability "may not exceed 80% of the total damages of the collision." Conclusions of Law ¶ 71. The Court originally announced this amount as $602,992.83. *Id.* ¶ 115. The United States disputes this figure. In the United States' view, Texas law caps its liability at 80% of proven damages from the collision—"i.e., $432,113.21." Mot. to Amend or Alter J. 1. The Court disagrees. Because the United States bore more than 50% responsibility for plaintiffs' harms, it is liable for the full amount of plaintiffs' damages.

Chapter 33 of the Texas Civil Practice and Remedies Code requires a trier of fact to "apportion[] responsibility according to the relative fault of the actors." *Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 559–60 (Tex. 2015); Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a). This apportionment of responsibility triggers two other provisions affecting a plaintiff's recovery. First, § 33.012(a) requires a court to "reduce the amount of damages" recovered by a claimant "by a percentage equal to the claimant's percentage of responsibility." *Id.* § 33.012(a). Second, § 33.013 potentially limits a defendant's liability to their proportionate responsibility for the harm suffered. *See id.* § 33.013(a). But when a defendant's "percentage of responsibility . . . is greater than 50 percent," that defendant is "jointly and severally liable for the damages recoverable by [a] claimant." *Id.* § 33.013(b). This provision applies even in cases involving single defendants. *See Regent Care of San Antonio, L.P. v. Detrick*, 610 S.W.3d 830, 834 (Tex. 2020) (noting that § 33.013(a)'s liability cap did *not* apply because a jury found the sole remaining defendant "more

than 50% responsible"); *In re Xerox Corp.*, 555 S.W.3d 518, 524 (Tex. 2018) (explaining that "comparative-fault apportionment is eliminated when a defendant is found more than [50%] responsible for the harm").

Per § 33.013(b), the Court will not cap the United States' liability in this case. A plain-text reading of § 33.013(b)—and the Texas Supreme Court's interpretation of the statute—demonstrate that a defendant who is more than 50% responsible for a harm is jointly and severally liable for a plaintiff's damages. Plaintiffs are thus entitled to recover a total of $473,025.99, as follows:

|  | **Proven Damages** | **Adjustments** | **Adjusted Damages** |
|---|---|---|---|
| **Mr. Paniagua** | $335,577.60 | $335,577.60 * (1.00 − .20) | $268,462.08 |
| **Mr. Ybarra** | $204,563.91 | $204,563.91 * (1.00 − .00) | $204,563.91 |
| **Total:** | $540,141.51 |  | $473,025.99 |

The United States is liable for this full amount because it bears more than 50% responsibility for the harm suffered. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.013(b)(1); *Regent Care*, 610 S.W.3d at 834; *In re Xerox Corp.*, 555 S.W.3d at 524.

In addition, the United States marshals numerous arguments about a purported right to contribution from Mr. Paniagua. *See, e.g.*, Mot. to Amend or Alter J. 9. But the statute permitting contribution—§ 33.016—assesses liability only to "contribution defendants," which it defines as "any defendant, counter-defendant or third-party defendant from whom any party seeks contribution . . . but from whom the claimant seeks no relief at the time of submission." Tex. Civ. Prac. & Rem. Code Ann. § 33.016(a)–(c). Here, the United States would have the Court grant contribution against Mr. Paniagua, a *plaintiff* to the case. Mr. Paniagua is not a defendant, counter-defendant, or third-party defendant falling within the statute's ambit. *See id.* § 33.016(a); *cf. City of San Antonio v. Johnson*, 103 S.W.3d 639, 642 (Tex. App.—San Antonio 2003, no pet.) (explaining that a contribution claim "is a method of determining each *defendant's* liability with

regard to a claim" (emphasis added)).[2] Any arguments relating to § 33.016 therefore do not affect this dispute. *Cf. Tex. Dep't of Pub. Safety v. Staples*, 882 S.W.2d 431, 432 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

### C. Costs

Finally, in its Judgment, the Court ordered the United States to pay plaintiffs' costs. Judgment 1. The United States argues that, under Texas law, it is responsible only for its proportionate share of costs. Mot. to Amend or Alter J. 9 (citing *Staples*, 882 S.W.2d at 433). This argument overlooks that *federal* procedural law applies to matters of costs. *See Gaddis v. United States*, 381 F.3d 444, 452 (5th Cir. 2004) (acknowledging that Rule 54(d) and 28 U.S.C. § 2412(a)(1) apply to FTCA disputes). Because federal law permits plaintiffs to recover their full costs from the United States, *see* 28 U.S.C. § 2412(a), Fed. R. Civ. P. 54(d)(1), the Court will leave its prior order unchanged.

### IV. CONCLUSION AND ORDER

The Court hereby **GRANTS IN PART** and **DENIES IN PART** the United States' motion [60] to amend or alter the judgment. The United States' motion is **GRANTED** with respect to the clerical error affecting Mr. Ybarra's recovery. The United States' motion is **DENIED** with respect to potential limits on liability and on plaintiffs' recovery of costs. Mr. Paniagua shall recover from the United States $268,462.08, and Mr. Ybarra shall recover $204,563.91. No prejudgment interest is permitted on these sums. 28 U.S.C. § 2674. Each plaintiff shall recover

---

[2] The government cites to *Vela v. Garza*, 975 S.W.2d 801 (Tex. App.—Corpus Christi–Edinburgh 1998, no pet.), for the proposition that a liable defendant may claim contribution against a plaintiff. Mot. to Amend or Alter J. 7, 9. But *Vela* does not fit this mold. In *Vela*, the defendant driver filed a contribution claim against a driver impleaded as a third-party defendant. *Vela*, 975 S.W.2d at 802. This third-party defendant thus met the statutory definition of a "contribution defendant." *See* Tex. Civ. Prac. & Rem. Code § 33.016(a). *Vela* does *not* stand for the proposition that a plaintiff may be a "contribution defendant" under § 33.016(a).

from the defendant, the United States, his costs. 28 U.S.C. § 2412(a)(1); Fed. R. Civ. P. 54(d)(1). The Court shall enter an amended judgment this date by separate order.

It is **SO ORDERED**.

Date: January 10, 2022

Royce C. Lamberth
United States District Judge